221 A.2d 476.

JOHN P. WELSH *vs.* PERSONNEL BOARD OF THE CITY OF PAWTUCKET.

JULY 14, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

188

PAOLINO, J. This is a petition for a writ of certiorari to review the decision of the personnel board of the city of Pawtucket affirming the dismissal of the petitioner as a member of the police department by the director of public safety. The petition was brought under the provisions of "Chapter 4, Article VII," of the city charter, which was adopted pursuant to art. XXVIII of amendments to the state constitution providing for home rule for cities and towns. Pursuant to the writ the pertinent records have been certified to this court.

Although the parties have not raised the issue, we note at the outset that we are considering this petition under our inherent power to grant certiorari in the exercise of our supervisory jurisdiction, *White* v. *White*, 70 R. I. 48, 50, and not pursuant to the provisions of sec. 7-108 of the city charter which purport to vest this court with jurisdiction to review the board's decision on certiorari. A municipal legislative body, even under a home rule charter created pursuant to art. XXVIII of amendments to our state constitution, is without power to vest this court with such jurisdiction. The portion of such section purporting to do this is mere surplusage.

It appears from the record that petitioner who had been a permanent member of the city's police department since September 28, 1950, sustained an injury while on motorcycle duty on December 8, 1959; that he was hospitalized and attended by an orthopedic specialist who diagnosed his injury as a contusion to the right sciatic nerve; that on March 31, 1960 he was permitted by his physician to return to light duty with the department; and that he received compensation from the city as a result of such injury in accordance with the provisions of G. L. 1956, §45-19-1.

From the time he returned to work in March 1960 until September 15, 1961 petitioner was absent from work eleven days in 1960 and thirteen days in 1961. On September 15. 1961, while off duty, he was involved in a second accident in his own vehicle in the city of Providence. He was again hospitalized and his injury was diagnosed as cerebral concussion, cervical muscle sprain, and possible ruptured disc at L4-L5 interspace. As a result of this injury he applied for and was granted sick-leave pay which ran out on October 7, 1961, but he did not return to work with the department until March 24, 1962, when he again was assigned to light duty.

The record discloses that from September 15, 1961 to January 27, 1964, petitioner was absent from duty 312 days as a result of sick leave; that on May 6, 1964 he notified the department that he was going on sick leave because of extreme pain in his back and legs; and that he has not returned to work or received any pay from the city since. By letter dated November 27, 1964, the personnel director notified him to comply with the rules of the personnel board with regard to the second accident; that his absences had been extremely excessive; and that as such his services under the personnel rules could be terminated. It appears from the record that *petitioner did not file for a leave of absence after the second accident* because he was being carried on the sick list and did not want a leave of absence.

He admitted that during such period he did some work helping his wife in a restaurant owned by her.

At the board hearing he testified that in May 1964 he was examined by his doctor who advised him not to return to his work in the police department; that he made oral requests for pay or disability pension on three or four occasions; that at the request of the chief of police, he supplied medical reports from time to time; that on December 15, 1964 he filed a claim against the city for back wages; that after this was denied he filed suit in the superior court by writ dated August 5, 1965 against the city for wages and medical expenses; and that this action was pending at the time of the hearing.

On September 8, 1965 petitioner was notified by letter signed by the director of public safety that he was to be dismissed as a member of the department, effective September 10, 1965, on the ground that he had failed to comply with the "Conditions Of Service as outlined in Rule XII of the Personnel Rules of the City of Pawtucket." The notice of dismissal listed the specific charges as "(a) Excessive absenteeism, over a long period of time," and "(b) Absence Without Leave since May 6, 1964."

The petitioner filed a notice of appeal to the personnel board from his dismissal and requested a hearing pursuant to the personnel rules. After the hearing, which was held on November 8, 1965, the board entered a decision sustaining the dismissal of the petitioner on the basis of the following findings:

> "It is the boards findings that the employee violated Rule XIV, of the Personnel Rules, of the City of Pawtucket. According to the testimony the appellant was absent 312 days after his accident which occurred September 15, 1961. This accident took place when Mr. Welsh was off duty, in the City of Providence. The appellant was in the opinion of the Personnel Board absent excessively during this period of time. In addition to being absent excessively, the board concluded

that Mr. Welsh was absent without leave. The appellant was neither on vacation, sick leave, a military leave, a leave without pay or jury duty. Re: Rule XIV Conditions of Service, Section 4, Leaves of Absence, paragraph a, b, c, d, e. Also that the appellant failed to observe Personnel Procedure #4, Reference: Sick Leave, with and without pay, paragraph #6, dated April 4, 1963. In finding for the City of Pawtucket in this appeal, the board felt that Mr. Welsh had the opportunity to apply for a leave of absence and failed to do so."

Although petitioner appealed to the personnel board from the action of the director of public safety dismissing him from the department, he argues here, as he did before the board, that the board was without jurisdiction to hear the appeal because of the fact that his prior action against the city entitled "John P. Welsh v. Paul Bassett, Director of Finance, City of Pawtucket, Law No. 186017," was then pending before the superior court in the county of Providence. He argues that the parties and the subject matter in both actions were the same and that therefore the rule that of two courts having concurrent jurisdiction, the one first gaining jurisdiction over the parties and the subject matter of a suit retains it to the exclusion of the other.

In our judgment the challenge to the board's jurisdiction is without merit. The rule in *Boston & Providence R.R. Corp.* v. *New York & New England R.R.*, 12 R. I. 220, cited by petitioner applies in appropriate circumstances to courts having concurrent jurisdiction of cases involving the same parties and the same subject matter. This is not the situation in the case at bar. The subject matter in the two proceedings is not the same; the superior court action is one for money under G. L. 1956, §45-19-1, as amended, whereas the instant proceeding involves disciplinary problems not necessarily related to the other action. One is not dispositive of the other.

Moreover, sec. 7-108 of the city charter, which was

adopted pursuant to the provisions of art. XXVIII of amendments, provides an adequate administrative procedure vesting *primary* jurisdiction in the personnel board to hear and dispose of appeals in cases such as this, which involves matters of discipline and compliance with the rules and regulations of the police department. The decision of the board is, however, subject to judicial review by this court under its inherent power to grant certiorari in the exercise of its supervisory jurisdiction.

We come now to petitioner's contentions that his dismissal for "Excessive absenteeism" and for "Absence Without Leave" was unwarranted; that the board's decision should be reversed because the appellant suffered recurrence of a service-connected disability; and that the notice of dismissal stated that petitioner had failed to comply with the "Conditions Of Service as outlined in Rule XII of the Personnel Rules of the City of Pawtucket," whereas the board based its decision on its "findings that the employee violated Rule XIV, of the Personnel Rules * * *." We find no merit in any of petitioner's contentions.

While it is true that the notice of dismissal erroneously referred to Rule XII of the personnel rules, it also stated that petitioner had failed to comply with the "Conditions of Service," the quoted words being the title appearing under Rule XIV; moreover the notice expressly states that:

"The specific charges are listed below:
    (a) Excessive absenteeism, over a long period of time.
    (b) Absence Without Leave since May 6, 1964."

After carefully examining the entire record in the light of the notice sent to petitioner we are convinced that he was not prejudiced by the obvious typographical error on which he now relies. We are satisfied that the notice was "sufficient to afford an opportunity to prepare a defense." *Morgan* v. *Thomas*, 98 R. I. 204, 210, 200 A.2d 696, 699. Excessive absenteeism and absence without leave are clear

and unequivocal charges. The pertinent rules are in evidence, but it will serve no purpose to discuss them in detail. Suffice to say the established personnel rules clearly require employees to be in attendance in accordance therewith and also provide for sick leave and for leaves of absence, with or without pay.

The next question is whether the evidence supports the board's findings that petitioner was absent without leave and that he was guilty of excessive absenteeism. The petitioner admitted that he did not file for a leave of absence after the second accident, as required by the rules, and the record is replete with uncontradicted evidence warranting a finding of excessive absenteeism over a long period of time, unless such absenteeism resulted from a work-connected injury. It appears that the board did not place much weight on petitioner's credibility and there is no medical evidence connecting his absenteeism to the on-duty injury. And this is so notwithstanding petitioner's reference to his doctor's testimony in a superior court action that there was a reasonable probability that the symptoms of this contusion of the sciatic nerve are permanent. There is nothing in the record connecting his absenteeism with the injury sustained in the first accident. Moreover, even if there were, petitioner was duty bound to comply with the provisions of the personnel rules. But there is implicit in the board's decision a finding that his failure to comply with the personnel rules did not result from such injury and in our judgment the board's decision is warranted by the evidence.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

*John F. McBurney*, for petitioner.

*Victor J. Beretta, Gerald J. Pouliot*, for respondent.